Nicholas M. Pette, J.
This is an action in equity brought by plaintiff husband against the defendant wife for a declaratory judgment, declaring that the plaintiff is the lawful husband of the defendant; that it be decréed that the Florida decree obtained by defendant is invalid and of no force and effect. The defendant counterclaims for declaratory judgment decreeing that her Florida divorce is valid and in full force and effect and that it is entitled to full faith and credit; that plaintiff is no longer the lawful husband of the defendant; and she prays for judgment dismissing the plaintiff’s complaint.
The proof establishes that plaintiff and defendant were married in the State of New York on February 8, 1940; that the issue of the marriage is a son, Alexander, now aged 11; that the parties separated on or about November 19, 1954, and have lived separate and apart since that day; that on or about June 29, 1955, defendant established a domicile in the State of *790 Florida and thereafter obtained a divorce against the plaintiff. The plaintiff did not appear in the action.
Presented for consideration by this court is one broad issue, i.e., did the defendant acquire a bona fide domicile in Florida thereby conferring jurisdiction on its courts to render the judgment of divorce ?
The weight of the credible evidence establishes that the defendant and the boy Alexander maintained their home in a three and one-half room apartment, consisting of a bedroom, living room, dining room, kitchen and bathroom, at No. 227 N. W. 13th Avenue, Miami, Florida, until September 16, 1956; that immediately upon establishing her domicile in Florida defendant filed a certificate of residence so as to permit her to obtain employment; that she advised plaintiff, by letter, that she was making Florida her domicile; that since June 29, 1955, defendant was employed in the State of Florida, as evidenced by her W-2 forms; that the boy Alexander attended school in Florida and defendant maintained a bank account in a Florida bank; that her income tax returns for the year 1955 were filed with the Collector of Internal Revenue in Florida; that defendant paid her rent tax in the State of Florida; that during all this time she was a member of and active in the Parent-Teacher’s Association in Miami, Florida, and was an active member of the Hemophelia Foundation in Florida, paid dues therein and attended their meetings; that defendant was compelled to appear in New York to attend hearings in the Domestic Relations Court during the months of September and October; that in connection with her trip from Florida to New York she purchased a round-trip ticket and that she remained over for the trial of this action; and that during her stay here she lived in the State of New Jersey until practically the eve of the trial.
Upon all the evidence the court finds that the defendant has been a bona fide resident of the State of Florida since June 29, 1955. The plaintiff has completely failed to support his claim to the contrary.
The United States Supreme Court in Williams v. North Carolina (317 U. S. 287) banished the doctrine of “ matrimonial domicile ” from consideration and held that a bona fide domicile of one spouse within the State gave the power to that State to dissolve a marriage wherever contracted. The defendant has conclusively proven such a bona fide domicile in the State of Florida as would entile her to a decree of divorce to which full faith and credit should be given by the courts of this State. (Estin v. Estin, 334 U. S. 541.)
*791 Accordingly, judgment is granted in favor of defendant, entitling her to a dismissal of plaintiff’s complaint and a declaratory judgment decreeing that the Florida final decree of divorce entered in Miami, Dade County, Florida, on December 14, 1955 is valid and in full force and effect and entitled to full faith and credit, and declaring that plaintiff is no longer the lawful husband of the defendant.
Settle findings and judgment on notice.